UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE DEMETRIUS KARALIS, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>GUN VAULT, INC. and KELLY D. CARN,<br><br>Defendants. | Case No. 2:12-cv-694-APG-GWF<br><br>**ORDER SETTING ASIDE<br>ENTRY OF DEFAULT** |

Before the Court is Defendants' Motion to Set Aside Default (Dkt. #25). For the reasons set forth below, the Motion is granted.

**FACTUAL BACKGROUND**

This action stems from a dispute involving several sales of firearms between Plaintiff and Defendants. On April 26, 2012, Plaintiff filed his Complaint against Defendants. Defendants were served with Plaintiff's Complaint on May 31, 2012. At the time the Complaint was filed, Defendant Kelly Carn was facing multiple criminal indictments in state court relating to his business, co-defendant The Gun Vault, Inc.

Defendants did not answer the Complaint. Instead, on June 20, 2012, they filed a Motion to Stay Proceedings [Dkt. #7] pending the outcome of the criminal matter. On June 25, 2012, prior to this Court deciding Defendants' Motion, Plaintiff filed his Motion for Entry of Default [Dkt. #10] and his Opposition to the Defendants' Motion to Stay Proceedings [Dkt. #9]. The Default was entered by the Clerk of Court on June 26, 2012. [Dkt. #11] Defendants now seek to set aside that Default.

ANALYSIS

The clerk may enter default against a party who has "failed to plead or otherwise defend" an action. Fed.R.Civ.P. 55(a). "The court may set aside an entry of default for good cause...." Fed.R.Civ.P. 55(c). When determining whether good cause exists, a court must consider the three so-called *Falk* factors: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)). Like Rule 60(b)(1), the *Falk* factors "guide[] the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." *Id.* "[W]here there has been *no* merits decision, appropriate exercise of district court discretion under Rule [55(c)] requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *Id.* at 696 (emphasis in original). The party seeking to vacate entry of a default bears the burden of demonstrating that the *Falk* factors favor that result.

With regard to the first *Falk* factor -- whether the defendant's culpable conduct led to the default -- the Ninth Circuit has held:

> Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not "intentional" under our default cases, and is therefore not *necessarily* -- although it certainly may be, once the equitable factors are considered -- culpable or inexcusable.

*Id.* at 697-98 (emphasis in original). "In contrast, we have typically held that a defendant's conduct was culpable for purposes of the *Falk* factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698. Here, Defendants filed a motion to stay the proceedings instead of answering the Complaint. It appears this was done in hopes of allowing the pending criminal matter to run its course and avoiding Defendant Kelly Carn's need to invoke his Fifth Amendment rights against self-incrimination in

this lawsuit. While that strategy may not have been wise or effective, it does not constitute culpable conduct under the first *Falk* factor.

The second *Falk* factor requires the defendant to demonstrate a meritorious defense.

> A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. *See Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (holding that district court had not erred in declining to vacate default judgment when defendant offered "mere general denial without facts to support it"). But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. *See, e.g., In re Stone*, 588 F.2d 1316, 1319 n. 2 (10th Cir. 1978) (explaining that the movant need only demonstrate facts or law showing the trial court that "a sufficient defense is assertible").

*Id.* at 700. Here, Defendants offer several potential defenses. First, Defendants dispute the validity of the documents relied upon by Plaintiff to prove his claims. According to Defendants, many of the relevant documents they need to disprove Plaintiff's allegations were seized by the government, and Defendants have not yet been able to obtain copies of those documents. Second, the documents relied upon by Plaintiff for his breach of contract claim appear to evidence contracts only with defendant The Gun Vault, Inc. If defendant Carn is not a party to any contracts, Plaintiff may not be able to prove a breach of contract claim against him. Third, at the times Plaintiff filed this lawsuit and obtained his default, Carn was the Debtor in a pending Chapter 13 bankruptcy proceeding. Thus, entry of default may have violated the automatic stay of 11 U.S.C. § 362(a). Based on the foregoing, Defendants may have meritorious defenses.

The final factor under *Falk* is whether vacating the entry of default would prejudice Plaintiff in his ability to litigate his claims.

> To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case. Rather, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk, supra,* 739 F.2d at 463; *see also Thompson, supra,* 95 F.3d at 433-34 (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").
>
> It should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so. A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation. *See Bateman* [*v.*

*United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000)] (no prejudice simply because a party loses a quick victory due to an opponent's procedural default and must litigate on the merits).

*TCI*, 244 F.3d at 701. In the present case, Plaintiff will not be prejudiced by setting aside the default and allowing the case to proceed. During oral argument and in his papers, Plaintiff repeatedly stated his intent to conduct significant discovery and possibly amend his pending Complaint to add parties and/or claims. Plaintiff's ability to recover under his claims may be helped (but at least will not be hindered) if the entry of default is set aside.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Defendants' Motion to Set Aside Default [Dkt. #25] is granted, and the Clerk's entry of Default [Dkt. 11] is set aside.

DATED THIS 17th day of June, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE