1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

8  GEORGE DEMETRIUS KARALIS, M.D.,        )
                                          )
9           Plaintiff,                    )     Case No.  2:12-cv-00694-APG-GWF
                                          )
10  vs.                                   )     **ORDER**
                                          )
11  THE GUN VAULT, INC. and KELLY D. CARN, )
                                          )
12          Defendants.                   )
    _____)

13

14          This matter is before the Court on Defendants' Renewed Motion to Compel Compliance

15  with Subpoena (#80), filed on May 29, 2014.  Third party Las Vegas Metropolitan Police

16  Department (LVMPD) filed an Opposition to Defendants' Renewed Motion (#81) on June 11,

17  2014.  The Court conducted a hearing in this matter on July 2, 2014.  Plaintiff and counsel for the

18  Defendants appeared telephonically.  Counsel for LVMPD did not appear.  Following the July 2nd

19  hearing, the Court determined that LVMPD's counsel was not notified of the hearing date.  The

20  Court therefore scheduled a further telephonic hearing on July 7, 2014 at which Plaintiff,

21  Defendants' counsel and LVMPD's counsel appeared telephonically.

22                          **BACKGROUND AND DISCUSSION**

23          Plaintiff George Karalis, M.D. alleges that he entered into contracts with Defendants The

24  Gun Vault, Inc. and Kelly D. Carn in 2005 and 2009 to purchase various firearms.  Plaintiff alleges

25  that he paid Defendants $99,180.00, but did not receive the firearms he purchased.  Plaintiff also

26  alleges that he placed four firearms with Defendant for safekeeping and has not received either the

27  return of the firearms or an accounting as to what became of them.  Plaintiff subsequently served

28  requests for production of documents on Defendants for documents relating to the firearms

transactions alleged in his complaint.  Defendants responded that they were unable to produce responsive documents because their business records were seized by the Las Vegas Metropolitan Police Department (LVMPD) in regard to a criminal investigation.

Defendant Kelly Carn has, in fact, been indicted in the United States District Court for the District of Nevada for the unlawful receipt or possession of firearms, including machine guns, a short-barrel rifle, a machine gun trigger pack, and a suppressor in violation of 26 U.S.C. §§ 5812, 5861(b) and 5871.  Defendant is also charged with making a false entry with respect to certain firearms in violation of 26 U.S.C. §§ 5848(b), 5861(c) and 5871.  *See United States v. Kelly Carn*, Case No. 2:13-cr-00346-APG-GWF, *Indictment (#1)*, filed September 4, 2013.  An indictment was also filed against Defendant Kelly Carn in the District Court, Clark County, Nevada on October 5, 2012 for the crime of theft arising out of his alleged sales of firearms and other devices which he did not have the legal authority to sell.  *See State of Nevada v. Kelly Carn*, Case. No. C-12-284671-1, *Indictment*.  Counts 9-16 of the state court indictment involve Defendant Carn's purported sales of firearms to the plaintiff in this action, George Karalis.  Both criminal cases are currently pending against Defendant Carn.  Trial in the state court case is set for September 22, 2014.  Trial in the federal case is scheduled for October 20, 2014.

Defendants assert in their renewed motion to compel that at some unspecified date Defendant Kelly Carn entrusted possession of his business and personal records to his son Kelly Carn, Jr. ("Carn, Jr.").  Carn, Jr., in turn, stored Defendant Carn's records at 24/7 Private Vaults located 3110 E. Sunset Road, Suite H, Las Vegas, Nevada.  Defendants assert that on another unspecified date a burglary occurred at 24/7 Private Vaults.  Las Vegas Metropolitan Police department officers went to 24/7 Private Vaults to investigate the burglary and while there observed items related to Defendants Carn and The Gun Vault which the police then seized.  The seized items allegedly include numerous computer hard drives and flash drives that contain the business records of Defendants Carn and The Gun Vault.  The LVMPD acknowledges that during the course of its investigation, it seized pertinent evidence relating to Defendant Carn's alleged criminal activity.

. . .

On April 3, 2013, Defendants served a subpoena duces tecum issued in this action on the LVMPD for the production of the hard drives and flash drives belonging to Defendants The Gun Vault, Inc. and Kelly Carn. *See Defendants' Renewed Motion to Compel Compliance with Subpoena (#80), Exhibit A.* The subpoena also requested production of all documents and electronically stored information relating to or referring to search warrants served by LVMPD and the Bureau of Alcohol Tobacco, Firearms and Explosives (BATFE). LVMPD objected to the subpoena on the grounds that the requested records are evidence in the pending criminal investigations against Defendants and that the subpoena also seek confidential and privileged criminal investigative materials. On June 6, 2013, Defendants filed their first motion to compel LVMPD's compliance with the subpoena. At that time, only the state criminal case was pending. The Court inferred that the Nevada state court has a procedure in place similar to that under Rule 41(g) of the Federal Rules of Criminal Procedure whereby a person whose property is seized by law enforcement officers during a criminal investigation may seek the return of the property. The Court therefore denied Defendants' motion to compel compliance with the subpoena, without prejudice, and recommended that they pursue return of their property in the Nevada district court where the criminal prosecution was pending. Defendants represent that they did as directed, but that the Nevada District Court declined to entertain their motion and directed them to seek relief in federal court.

For purposes of this action, the Court is reasonably satisfied that Defendants cannot produce electronically stored documents responsive to Plaintiff Karalis' requests for production of documents because LVMPD seized the Defendants' computer hard drivers and flash drives on which the responsive documents are stored. At this point, LVMPD, and/or the state and federal prosecutors with whom it is working, have been in possession of Defendants' computer hard drives and flash drives for over a year and a half. While this Court is not familiar with the searches that law enforcement agents have conducted of Defendants' computer records, both criminal cases are scheduled for trial within the next few months. That suggests that the State of Nevada and the United States have obtained the evidence needed to prosecute Defendant Carn in the criminal cases. To the extent that LVMPD or the prosecutors need to retain Defendants' computer hard drives or

3

1  flash drives for evidentiary purposes, they can image the hard drives and flash drives, and either

2  return the original hard drives and flash drives to Defendants, or they can retain the originals and

3  provide the images thereof to Defendants.

4      The subpoena also requested all documents and electronically stored information relating to

5  or referring to search warrants obtained by the LVMPD and BATFE.  The LVMPD objected to this

6  portion of the subpoena on privilege grounds.  It is not necessary for the Court to reach the issue of

7  privilege, however, because Defendants have not made any showing that law enforcement

8  investigative materials are relevant in this civil action.  There is also no basis for the Court in this

9  case to order the LVMPD to return other items to Defendants that are unrelated to the claims or

10  defenses in this action.  Accordingly,

11      **IT IS HEREBY ORDERED** that Defendants' Renewed Motion to Compel Compliance

12  with Subpoena (#80) is **granted** as follows:

13      1.      Nonparty Las Vegas Metropolitan Police Department (LVMPD) shall produce to

14  Defendants their original computer hard drives and flash drives seized from the 24/7 Private

15  Storage Vaults, or alternatively, shall produce identical images thereof to Defendants' counsel on or

16  before **July 25, 2014.**

17      2.      The Clerk of Court shall serve a copy of this Order on counsel for the Las Vegas

18  Metropolitan Police Department, Nick D. Crosby, Esq., Marquis Aurbach Coffing, 10001 Park Run

19  Drive, Las Vegas, Nevada 89145.

20      3.      Defendants' counsel shall also serve a copy of this Order upon the deputy or

21  assistant Clark County District Attorneys and United States Attorneys, handling the respective

22  criminal and federal prosecutions pending against Defendant Kelly Carn.  Defendants' counsel

23  shall also file proof of service on the Clark County District Attorney and the United States

24  Attorney.

25      DATED this 7th day of July, 2014.

26

27      _George Foley, Jr._
        _____
28      GEORGE FOLEY, JR.
        United States Magistrate Judge

4