UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE DEMETRIUS KARALIS, M.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE GUN VAULT, INC., and KELLY D. CARN ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: 2:12-cv-00694-APG-GWF <br><br> **ORDER** <br><br> **Motion for Return of Property - #94** |

This matter is before the Court on Defendants The Gun Vault, Inc. and Kelly D. Carn's Motion for Return of Property Under Federal Rule of Criminal Procedure 41(g) (#94), filed on September 12, 2014. Although this motion was directed at non-party Las Vegas Metropolitan Police Department (LVMPD), it was not served on LVMPD's counsel until the latter part of October 2014. LVMPD filed its Opposition to Defendants' Motion for Return of Property (#103) on November 7, 2014. Defendants did not file a reply to the LVMPD's opposition.

Defendants' Motion (#94) and the LVMPD's Opposition (#103), as well as related proceedings in *United States v. Kelly Carn*, Case No. 2:13-cr-00346-APG-GWF, prompted Plaintiff George Karalis, M.D. to file an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (#107, #108) on November 12, 2014. The District Judge denied Plaintiff's motion for a temporary restraining order, and referred his motion for a preliminary injunction to the undersigned for a report and recommendation. *Order (#109)*.

**BACKGROUND**

Plaintiff George Karalis, M.D. alleges in his complaint that he contracted with Defendants The Gun Vault, Inc. and Kelly Carn to purchase several firearms and delivered the money for the

purchases to Defendants. Plaintiff further alleges that he delivered four firearms in a suitcase to Defendant Carn for safekeeping. Plaintiff alleges that despite his demands, Defendants failed to deliver the purchased firearms or return the firearms he left with them for safekeeping. Plaintiff subsequently served requests for production of documents on the Defendants relating to the purchase and bailment of the subject firearms. Defendants responded that they were unable to produce documents responsive to Plaintiff's requests for the following reason: Defendants state that Defendant Carn's son, Kelly Carn, Jr., stored an assortment of business and personal records, along with miscellaneous items at 24/7 Private Vaults, located at 3110 E. Sunset Road, Suite H, Las Vegas, Nevada. Defendants further state that:

> In an incident unrelated to this litigation, burglars broke into 24/7 and stole numerous items, some of which pertain to Mr. Carn and The Gun Vault. As the Las Vegas Metropolitan Police Department ("LVMPD") arrived to investigate, they recognized numerous items at the scene were related to Mr. Carn and The Gun Vault, and proceeded to confiscate all items Mr. Carn's son stored at 24/7. As a result, these business and personal records pertaining to Mr. Carn and The Gun Vault, which were stored on various hard drives and computer equipment, are in the sole possession of LVMPD.

*Renewed Motion to Compel Compliance with Subpoena (#80), pgs. 2-3.*

Defendants have not provided the Court with the date that the foregoing incident occurred. LVMPD does not dispute, however, that it seized or took possession of property belonging to Defendant Carn or The Gun Vault. On July 8, 2014, the Court granted Defendants' Renewed Motion to Compel and ordered LVMPD to "produce to Defendants their original computer hard drives and flash drives seized from 24/7 Private Vaults, or alternatively, shall produce identical images thereof to the Defendants' counsel on or before 7/25/2014." *Order (#89)*. The Court subsequently granted LVMPD an extension until August 15, 2014 to produce the original computer hard drives, or images thereof, to the Defendants. *Order (#92)*.

In their instant Motion for Return of Seized Property Under Federal Rule of Criminal Procedure 41(g) (#94), Defendants state that LVMPD returned one of the eighteen hard drives Defendants allege were seized by the police at the 24/7 Private Vaults. Defendants also state that the LVMPD seized additional items, including DVD backups of family photographs, birthday cards containing cash and gift cards, loose change, Defendant Carn's personal family Trust, spare keys,

birth certificates, voter registration cards, LDS membership cards and other miscellaneous items. *Motion (#94), pg. 4.* In addition to the computer hard drives that have still not been returned, Defendants request an order directing the LVMPD to return the other items.

In its opposition to Defendants' motion for return of seized property, LVMPD states as follows:

> On October 29, 2014, counsel for LVMPD, Jamie A. Frost, Esq., contacted counsel for Defendants, Michael Van, Esq., regarding the Motion to Return Property. Ms. Frost explained that she believed that everything requested by Defendants was currently in the possession of ATF. Mr. Van responded with saying that he thought that was the case as well and, in fact, earlier that day ATF had been ordered to produce a list itemizing exactly the items which it possesses. Accordingly, Mr. Van stated that we should draft a stipulation and order staying the Motion for Return of Property pending resolution."

*Opposition (#103), pg. 2.*

LVMPD states that its counsel thereafter followed up with Mr. Van's office in an attempt to obtain his signature on a stipulation to stay the motion. After several failed attempts to contact Mr. Van, LVMPD states that on November 6, 2014 Ms. Frost's assistant was told by Mr. Van' assistant that he had withdrawn from the case and accordingly, he would no longer be signing the stipulation. *Opposition (#103), pg. 3.* Given LVMPD's representation that all of the Defendants' remaining property obtained by it is now in the possession of the "ATF," i.e., the Federal Bureau of Alcohol Tobacco, Firearms and Explosives, Defendants' motion to compel LVMPD to return the items is moot, unless the representation is incorrect. Defendants have not, however, filed a reply to LVMPD's opposition.

Mr. Van's assistant's alleged statement that he has withdrawn from this case is incorrect. "No attorney may withdraw after appearing in a case except by leave of Court after notice has been served on the affected client and opposing counsel." Local Rule (LR) IA 10-6(b). Mr. Van and his law firm were previously allowed to withdraw as Defendants' counsel on March 4, 2014. *Order (#71).* Mr. Van and his law firm, however, reentered their appearance as Defendants' counsel on March 18, 2014. *Notice of Appearance of Counsel (#73).* No subsequent motion to withdraw has been filed. Mr. Van and his law firm therefore remain Defendants' counsel in this action.

On September 22, 2014, Defendant Kelly Carn filed a Motion for Return of Seized Property (#30) in United States of America v. Kelly Carn, Case. No. 2:13-cr-00346-APG-GWF.  In that motion, Mr. Carn moves for the return of firearms and related parts or devices, such as silencers, that were seized by federal agents on December 20, 2011 pursuant to federal search and seizure warrants issued by a United States Magistrate Judge. *Motion (#30), Exhibits A* and *C*.  During the search of the premises of The Gun Vault, Inc., agents also seized certain paper documents. *Id., Exhibit D*.  Defendant Carn also requests the return of those documents.  It does not appear, however, that the federal agents seized any computers or electronic storage devices during the execution of the federal search warrants.

Defendant Carn argues that the indictment in Case. No. 2:13-cr-00346-APG-GWF involves only a limited number of firearms, whose return he does not seek at this time.  He argues, however, that the remaining firearms and other devices should be returned to their rightful owners.  Defendant identified two firearms that belong to Kathy Bohn, which he requests be transferred to a Federal Firearms Licensed (FFL) dealer of her choice.  He has identified one firearm, a SWD Inc. M11A1 380 ACP machine gun #85-3800801, that belongs to Plaintiff George Karalis, which Defendant Carn requests be transferred to Mr. Karalis via a FFL dealer of his choice.  The firearms belonging to Ms. Bohn and Mr. Karalis are the subject of pending criminal prosecutions against Mr. Carn in the Eighth Judicial District Court, Clark County, Nevada.  Authorization to release those firearms to Ms. Bohn or Mr. Karalis would also have to be obtained from the Clark County District Attorney or the Nevada District Court.  Defendant Carn requests that the remaining firearms be released to his sons who are currently managing the affairs of The Gun Vault, Inc.

In response to Defendant Carn's motion in Case. No. 2:13-cr-00346-APG-GWF, the Government agreed to turn over copies of the seized documents.  The Government, however, opposed Defendant's request for return of the firearms on the grounds that if Mr. Carn is convicted of the charges in the indictment, he will be prohibited from possessing firearms.  During the October 29, 2014 hearing on Defendant's motion, the Government also asserted that some or all of the seized firearms may be needed for evidentiary purposes at trial.  During the hearing, which was also attended by Defendants' attorney Michael Van, the parties discussed whether the Government

or federal law enforcement agencies are in possession of Mr. Carn's and The Gun Vault, Inc.'s computer hard drives or other items that were obtained by the LVMPD from the 24/7 Private Vaults. Counsel for the Government agreed to inquire into what items or records are in the possession of federal law enforcement agencies and follow-up with Defendant Carn's counsel regarding their return.

The Court has not ordered the Government to return any firearms to Defendant or to other persons designated by him. Nor does the Court intend to order the return of the firearms to Defendant Carn or his designees while the criminal proceedings against him are pending. The Court did direct counsel for Defendant Carn and the Government to see if they can reach an agreement regarding the Government's continued possession of the firearms while the criminal cases are pending or to possibly have the firearms transferred to an independent trustee/custodian, approved by the Court, until the criminal cases are resolved. The Court directed the parties to file a status report by November 12, 2014. On November 12, 2014, the Government and Defendant Carn filed a Joint Status Report (#37), requesting an additional sixty (60) days "to work out remaining issues and provide another status report to this Court." *Joint Status Report (#37).*

Plaintiff Karalis filed his Emergency Motion for Temporary Restraining Order and Preliminary Injunction (#108) out of concern that the firearms in the Government's possession might be released to Defendants or persons under their control. As stated above, the Court does not intend to release any of the firearms to Defendant Carn or persons under his control while the criminal charges against him are still pending. If Mr. Carn is acquitted of the criminal charges, however, then he or The Gun Vault will likely be entitled to the return of the firearms, subject to any claims by third parties of a superior right in particular firearms. Other than the SWD Inc. M11A1 380 ACP machine gun #85-3800801 that Defendant Carn identifies as belonging to Plaintiff Karalis, the Court has no information whether Plaintiff claims ownership of any of the firearms seized during the execution of the federal search warrants.

. . .

. . .

. . .

# DISCUSSION

1. **Motion for Return of Property Under Federal Rule of Criminal Procedure 41(g) (#94)**.

A subpoena issued to a non-party pursuant to Rule 45 of the Federal Rules of Civil Procedure is subject to Rule 26(b)'s overriding relevancy requirement. *EEOC v. Texas Roadhouse, Inc.*, 2014 WL 4452767, * (D.Mass. 2014). *See also Hunsaker v. Proctor & Gamble Mfg. Co.*, 2010 WL 5463244, *4 (D.Kan. 2010) ("[T]he court must examine whether a request contained in a subpoena duces tecum is overly broad or seeking relevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production.")   This Court granted Defendants's Renewed Motion to Compel Compliance with Subpoena (#80) as to the Las Vegas Metropolitan Police Department's ("LVMPD") possession of Defendants' computer hard drives because they allegedly contain relevant records responsive to Plaintiff Karalis' discovery requests. In their Motion for Return of Property Under Federal Rule of Criminal Procedure 41(g) (#94), however, Defendants requests that the Court also order the LVMPD to return various items such as family photos, birthday cards, loose change, birth certificates, etc, that are irrelevant to this action and are therefore not an appropriate subject for an order compelling compliance with a subpoena under Fed.R.Civ.Pro. 45(d)(2)(B)(i).

This lawsuit is also not the proper proceeding in which to bring a motion for the return of property under Rule 41(g) of the Federal Rules of Criminal Procedure.  The court in Criminal Case No. 2:13-cr-00346-APG-GWF can adjudicate Defendant Carn's motion for return of property in the possession of the federal government or its agents. *See Ramsen v. United States*, 2 F.3d 322, 324 (9th Cir. 1993); *United States v. Wetselaar*, 2013 WL 8206582, *18 (D.Nev. 2013).  With respect to property in the possession of State prosecutors or law enforcement agencies, Defendant can file a  motion or action in state court to obtain the return of his property. *See* Nevada Revised Statute (NRS) Section 17.085.  Motion (#94) is therefore denied to the extent it seeks an order in this action requiring the Las Vegas Metropolitan Police Department to return property to Defendants that is not relevant to the claims or defenses in this action.

. . .

The Las Vegas Metropolitan Police Department represents that all of Defendants' property that was allegedly seized at 24/7 Vaults has been turned over to the ATF. Defendants have not disputed this assertion. The Court is troubled by LVMPD's counsel's statement that her assistant was informed by Mr. Van's office that he had withdrawn from the case. The lack of any reply to LVMPD's motion also causes the Court to question the status of Defendants' legal representation. Accordingly, the Court will order Defendants' counsel to file a report regarding the status of his representation of Defendants, including whether he intends to move for permission to withdraw from this case.

Completion of discovery in this action has been unduly delayed by Defendants' assertion that the LVMPD or some other law enforcement agency has possession of the computer hard drives on which Defendants' business records are stored. Reasonably, it should not be that difficult to determine who is in possession of Defendants' computers and to obtain return of the computers or images of their hard drives so that Defendants' can produce documents responsive to Plaintiff's discovery requests. The Court will therefore enter an order in Case No. 2:13-cr-00346-APG-GWF directing the Government and/or Defendant Carn to promptly advise the Court whether the federal government is in possession of Defendant Carn's or The Gun Vault's computer hard drives and, if so, directing that the computers or images of the hard drives be returned to Defendants so that they can respond to Plaintiff's discovery requests in this action.

**2.     Plaintiff Karalis's Motion for Preliminary Injunction.**

Plaintiff's Motion for Preliminary Injunction appears, in effect, to seek a pre-judgment writ of attachment against the firearms in the Government's possession in order to preserve his ability to satisfy any judgment that he may obtain against Defendants. *See* Federal Rule of Civil Procedure 64(a) and (b). "Rule 64 codifies 'long-settled federal law providing that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered.'" *Hamilton Beach Brands, Inc. v. Metric and Inch Tools, Inc.*, 614 F.Supp.2d 1056, 1060 (C.D.Cal. 2009), citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda Co.*, 415 U.S. 423, 436 n. 10, 94 S.Ct.

1113, 1123 n. 10, 39 L.Ed.2d 435 (1974); *United States v. Van Causwenberghe*, 934 F.2d 1048, 1063-64 n. 14 (9th Cir. 1991).  In Nevada, pre-judgment attachment is governed by Nevada Revised Statute (NRS) Section 31.010 et seq.   Defendants have not yet filed a response to Plaintiff's motion for preliminary injunction.  The Court will set Plaintiff's motion for preliminary injunction for a hearing.  Plaintiff, however, may wish to consider amending or refiling his motion for preliminary injunction as a motion for writ of attachment and comply with the statutory requirements for seeking pre-judgment attachment.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants The Gun Vault, Inc. and Kelly D. Carn's Motion for Return of Property Under Federal Rule of Criminal Procedure 41(g) (#94) is **denied** insofar as it seeks an order directing the Las Vegas Metropolitan Police Department, or any other governmental agency to return property to Defendants that is not relevant to the claims or defenses in this action.  The motion is further deemed **moot** to the extent that the computer hard drives that the Court previously ordered returned to the Defendants are in the possession of the Federal Bureau of Alcohol, Firearms, Tobacco, Firearms and Explosives.

**IT IS FURTHER ORDERED** that Defendants' counsel Michael Van shall file a status report with the Court on or before **December 2, 2014** regarding the status of his representation of the Defendants and whether he intends to move for permission to withdraw as their counsel.

**IT IS FURTHER ORDERED** that a hearing on Plaintiff's Preliminary Injunction (#107, #108) is set for **Thursday, December 18, 2014 at 3:30 p.m.**

DATED this 24th day of November, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge